

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DON EDWARDS, individually, and
d/b/a R&D TRUCKING AND
HAULING CO.,

        Plaintiff,

vs.                              Case No: 8:02-CV-1699-T-27MSS

SAFEGUARD INSURANCE
COMPANY,

        Defendant.

## AMENDED COMPLAINT

Plaintiff DON EDWARDS, individually and d/b/a R&D TRUCKING and HAULING COMPANY (hereinafter "EDWARDS"), brings this action against Defendant SAFEGUARD INSURANCE COMPANY (hereinafter "SAFEGUARD") and alleges:

### COUNT I – BAD FAITH

1. This is a bad faith action for damages in excess of the minimum jurisdictional limits of this court.

2. EDWARDS was the lessee of a motor vehicle in Tampa, Hillsborough County, Florida, which was being operated with

consent by MILAN KILAC, on or about JUNE 17, 2000, and said vehicle was negligently operated by MILAN KILAN so that it collided with a motor vehicle being driven by DANA LYN GUEST.

3. As a result of said accident, EDWARDS was a Defendant in a civil action brought by Dana Lyn Guest, Julie Ann Moore and Calvin Daniel Guest (hereinafter "Guests/Moore") in Hillsborough County, Florida, Case No. 01-001493, seeking damages as a result of injuries sustained in said accident.

4. SAFEGUARD is a foreign corporation which is and was at all times material hereto engaged in business in Florida as a liability insurer.

5. Prior to June 17, 2000, SAFEGUARD issued a bodily injury policy for valuable consideration to EDWARDS which policy was in full force and effect on said date and afforded coverage to EDWARDS for liability for any damages caused as a result of any injury caused by an accident and resulting from the ownership, maintenance or use of said motor vehicle to the extent of $1,000,000.00 for any one accident or loss. EDWARDS does not have a copy of said policy issued by SAFEGUARD, but Defendant is in possession of said policy.

6. The above-described accident was an event covered by the terms of the insurance policy described herein.

7. Notice of said occurrence was promptly and timely given to SAFEGUARD, and EDWARDS has complied with all terms and requirements of the insurance contract described above.

8. Guests/Moore, by and through the attorneys representing them, notified SAFEGAURD of their claim for damages and presented to SAFEGUARD reasonable offers and opportunities to settle the claims for the policy limits and fully release and protect EDWARDS.

9. SAFEGUARD knew or should have known that the facts of the accident were such that it was most probable that a verdict and judgment in favor of Guests/Moore would be entered against EDWARDS on the issue of liability in that case if the claim were not settled.

10. SAFEGUARD knew or should have known that if the claim were not settled the damages that would be awarded in the lawsuit due to the serious injuries sustained by Dana Lyn Guest would result in a verdict and judgment in favor of the Guests/Moore in an amount far in excess of the policy limits.

11. By virtue of the insurance contract, SAFEGUARD and its employees and agents owed a duty to EDWARDS to use due care in the investigation of said accident and in the handling of the claim and evaluation of the claim for settlement purposes. SAFEGUARD also owed EDWARDS a duty to act in good faith and to give due

consideration to the interests of its insured in the negotiation and settlement of the claim and in consideration of settlement offers, and to promptly notify its insured of settlement offers, and to advise its insured of his exposure to an excess judgment if the case were not settled, and of steps he might take to protect himself from such an excess judgment.

12. SAFEGUARD negligently failed to adequately investigate the pertinent facts of the case and the law applicable thereto and/or failed to recognize that this was a case of obvious liability on the part of its insured, EDWARDS, which caused severe damages to Guests/Moore, and great financial risk to its insured.

13. SAFEGUARD further breached its obligations to its insured and acted in bad faith in that:

    a. it failed to accept reasonable offers and opportunities to settle the claims within its policy limits when it could and should have done so;

    b. it failed to give due consideration to the interests of its insured, EDWARDS, in its consideration of settlement offers;

    c. it failed to advise its insured, EDWARDS, of the conflict of interest between said insured and SAFEGUARD, and/or the insured's position of hazard and exposure, and/or the likelihood or probability of an excess judgment if the case were not

4

settled, and/or the fact that there were offers and opportunities to settle the claims within the policy limits, and/or of steps which could have been taken by the insured in order to protect himself;

d. it negligently handled the investigation, evaluation, negotiation and settlement of the Guests/Moore claims against EDWARDS; and

e. it failed to comply with §627.4137, Florida Statutes, in that SAFEGAUARD failed and refused to produce a complete copy of the liability insurance policy to attorneys representing Guests/Moore pursuant to said statute.

14. As a result, the claims of Guests/Moore against EDWARDS were not settled and suit was filed against EDWARDS. Said suit resulted in a Final Judgment being rendered in favor of Guests/Moore and against EDWARDS in an amount in excess of the policy limits pursuant to the Stipulation and Final Judgment attached hereto as Exhibits "A" and "B" and incorporated by reference herein.

15. Pursuant to the Stipulation (Exhibit A), EDWARDS retained Robert J. Mayes, Esquire, and Jonathan R. Mayes, Esquire, to represent him in this cause and is obligated to pay attorneys' fees as agreed to in the Stipulation and as may be awarded pursuant to F.S. §627.428.

WHEREFORE, Plaintiff EDWARDS demands judgment against Defendant SAFEGUARD for damages, interest, attorneys' fees and costs, and request trial by jury of all issues so triable.

## COUNT II – PUNITIVE DAMAGES

16. Plaintiff re-alleges and incorporates the allegations in paragraph one through fifteen as if fully plead herein.

17. Safeguard, through its employees and managers, was guilty of conduct that was so reckless and/or wanting in care that it constituted a conscious disregard and/or indifference to the rights of Plaintiff in that:

    a. It failed to timely communicate with its insured, and when it did, it provided incorrect and/or misleading information;

    b. It failed to have a protocol or procedure for compliance with Florida Statutes;

    c. It allowed adjusters to investigate, evaluate, and negotiate claims in Florida when the adjusters were not properly licensed and did not know or understand the good faith duties that an insurer owes to its insured;

    d. It withheld the full amount of policy limits from the claimant and did so either intentionally, or so recklessly or wanting in care that it constituted a conscious disregard or indifference to the rights of Plaintiff; and,

e. It put its own financial interests ahead of its insured.

18. As a result of this grossly negligent conduct, the Guest claim against Plaintiff was not settled and resulted in an excess judgment being entered against the Plaintiff.

WHEREFORE, Plaintiff EDWARDS demands judgment against Defendant SAFEGUARD for damages, interest, attorney's fees and costs, and requests trial by jury of all issues so triable.

Dated this 27th day of January, 2004.

JONATHAN R. MAYES, ESQUIRE
Florida Bar No. 0147346
913 Gulf Breeze Parkway
Harbourtown, Suite 44
Gulf Breeze, FL 32561
850/ 932-1962
850/ 932-1963 Facsimile
Attorney for Plaintiff(s)

-and-

ROBERT J. MAYES, ESQUIRE
Fla. Bar No. 150115
913 Gulf Breeze Parkway
Harbourtown, Suite 44
Gulf Breeze, FL 32561
850 / 932-1962
850 / 932-1963 Facsimile
Attorney for Plaintiff(s)

IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
OF THE STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY

DANA LYN GUEST, JULIE ANN
MOORE and CALVIN DANIEL GUEST,

    Plaintiffs,

vs.

DON EDWARDS, individually and
d/b/a R&D TRUCKING and HAULING CO.

    Defendant.

CASE NO.: 01-001493

DIVISION: C

_____/

## STIPULATION AND JOINT MOTION FOR ENTRY OF JUDGMENT AND STAY OF EXECUTION

The parties to this stipulation are:

a. DANA LYN GUEST, JULIE ANN MOORE and CALVIN DANIEL GUEST (hereinafter jointly referred to as "THE PLAINTIFFS");

b. DON EDWARDS, individually and d/b/a R&D TRUCKING and HAULING CO., (hereinafter referred to as "EDWARDS"); and

c. SAFEGUARD INSURANCE COMPANY, (hereinafter referred to as "SAFEGUARD").

WHEREAS a lawsuit is pending in the Circuit Court in and for Hillsborough County, Florida, Case Number 01-001493, filed by THE PLAINTIFFS against EDWARDS seeking a judgment for damages arising from an automobile collision that occurred on June 17, 2000, and

EXHIBIT "A"

1

WHEREAS SAFEGUARD was the insurer of EDWARDS providing automobile insurance, including bodily injury liability benefits with policy limits of at least $1,000,000 for any one accident or loss. This coverage was in full force and effect at the time of the subject automobile accident, and there are no coverage defenses which have been or could be asserted by SAFEGUARD, and

WHEREAS EDWARDS believes that SAFEGUARD failed to settle the claims of THE PLAINTIFFS against him when, under all of the circumstances, it could and should have done so, had it acted fairly and honestly towards EDWARDS and with due regard for his interests, and

WHEREAS EDWARDS contends, and SAFEGUARD denies, that SAFEGUARD has acted in bad faith or violated duties owned to him in the handling of the claim THE PLAINTIFFS brought against EDWARDS, and

WHEREAS SAFEGUARD denies that it has committed bad faith or violated the duties owed to EDWARDS in its claims handling to date, and

WHEREAS the parties prefer to liquidate the value of THE PLAINTIFFS' claim against EDWARDS by entry of a stipulated judgment, in order to reduce the delay, expense and risks associated with a jury trial and subsequent appeal, and

WHEREAS the parties desire to determine the issue of whether SAFEGUARD has acted in bad faith or breached its obligations to EDWARDS by an action brought under the terms of this stipulation, so that protection can be provided to EDWARDS, and so that the parties and the Court may make a substantial savings of time and expense, and

2

WHEREAS, the Supreme Court of Florida has approved a variant of this procedure in the case of Cunningham v. Standard Guaranty Ins. Co., 630 So.2d 179 (Fla. 1994).

NOW THEREFORE, based upon the premises set forth above, it is stipulated and agreed between the parties hereto as follows:

1. A Final Judgment will promptly be entered against EDWARDS in favor of THE PLAINTIFFS in the amount of $12,500,000, plus taxable costs, with interest at the legal rate running from the date of this stipulation. A copy of the form of that Final Judgment is attached hereto and identified as Exhibit "A";

2. All parties agree that the amount of this judgment represents a reasonable assessment of the value of the claim of THE PLAINTIFFS against EDWARDS and is within the range of what a jury would be expected to return as a verdict in this case, reduced to account for the potential of EDWARDS obtaining a defense judgment.

3. SAFEGUARD acknowledges that the coverage for DON EDWARDS was in full force and effect at the time of THE PLAINTIFFS collision, and that there are no coverage defenses which were or could have been raised to this claim. SAFEGUARD further agrees to pay THE PLAINTIFFS $1,000,000 within ten (10) days of the approval of this Stipulation by the Court, in exchange for a partial satisfaction of the judgment entered against EDWARDS. SAFEGUARD also agrees to pay these court costs of THE PLAINTIFFS

3

which are determined by the court to be taxable, within 10 days after a hearing determining the amount of those costs.

4. The parties waive any right to appeal of the judgment against EDWARDS or any of the issues raised in the lawsuit styled Dana Lyn Guest, Julie Ann Moore and Calvin Daniel Guest vs. Don Edwards, individually and d/b/a R&D Trucking and Hauling Co., Case Number 01-001493, pending in the Circuit Court of Hillsborough County, Florida.

5. So long as EDWARDS faithfully performs the obligations imposed upon him by this agreement, this judgment will not be registered, no certified copy of this judgment shall be recorded, no execution, levy, garnishment, or proceedings supplementary shall be initiated by THE PLAINTIFFS or their successors, and the entire enforcement of the judgment against EDWARDS will be stayed until the action to be filed by EDWARDS against SAFEGUARD, described below, is concluded.

6. As soon as the judgment against him is entered, EDWARDS agrees to promptly file and diligently prosecute an action for a judgment against SAFEGUARD, brought either as a third party claim or independent action, based on his allegation that SAFEGUARD has committed bad faith in the handling of the claims of THE PLAINTIFFS against EDWARDS, and that SAFEGUARD has breached its duties owed to him. In that action, EDWARDS shall be represented by attorneys who are acceptable to THE PLAINTIFFS, so long as these attorneys will accept the case, and handle the case for a percentage fee or a contingent hourly-based fee, or a combination of

4

both. EDWARDS will permit his attorney to report directly to THE PLAINTIFFS as frequently as requested by THE PLAINTIFFS, and THE PLAINTIFFS will have the right to approve, disapprove or require acceptance of any proposed settlement between EDWARDS and any other party. EDWARDS agrees to cooperate in the prosecution of these claims, in every reasonable manner, to appear at depositions, respond to discovery, appear at trial and, if his attorneys determine it will enforce the likelihood of success in that case, to waive any privileges personal to him for matters related to THE PLAINTIFFS' claim against him, or SAFEGUARD's handling of that claim and the defense of the action against him. These obligations are more specifically described in the attached Exhibit "B" of this agreement.

7. EDWARDS hereby assigns the net proceeds of all such claims, after payment of the fees and costs of the approved attorneys handling the bad faith claim, up to the amount necessary to pay the entire judgment plus accrued interest on it, directly to THE PLAINTIFFS and agrees to execute such other instruments as may be reasonably required to effect this assignment or his obligations under this agreement.

8. If at any point before judgment is entered, THE PLAINTIFFS request it, EDWARDS will assign to THE PLAINTIFFS the bad faith claim against SAFEGUARD and THE PLAINTIFFS will then be permitted to prosecute it directly, as his assignee. If at any point, THE PLAINTIFFS believe that EDWARDS has breached this agreement in a manner which entitles them to enforce the judgment directly against him, their remedy shall be first to give a

written notice identifying the breach, and giving EDWARDS ten (10) days within which to cure it. Failing a cure of the breach, a hearing shall be set in the division in which this stipulation is filed, or another court of competent jurisdiction on not less than twenty (20) days notice, on a motion to determine if a default has occurred. If it is determined that EDWARDS has defaulted in performance of this agreement, THE PLAINTIFFS shall be entitled to obtain execution and enforce the excess judgment against EDWARDS.

9. SAFEGUARD will submit itself to the jurisdiction of this Court for the purpose of EDWARDS' lawsuit against it and will voluntarily accept service of EDWARDS' lawsuit against it and within twenty (20) days of receipt of a copy of that Summons will file a responsive pleading. ~~All parties agree not to remove the case to federal court.~~

10. If the final outcome of the bad faith case is a determination that SAFEGARD did not commit bad faith or breach its obligations to EDWARDS, then, so long as EDWARDS has strictly complied with all his obligations arising under this agreement, THE PLAINTIFFS will accept the $1,000,000 plus taxable costs that was paid on the execution of this agreement in full release of EDWARDS and SAFEGUARD, and THE PLAINTIFFS will execute a satisfaction of THE PLAINTIFFS' Final Judgment against EDWARDS and such other instruments as may be required to reflect this satisfaction on the public records.

11. If the final outcome of the bad faith case is a determination that SAFEGUARD did act in bad faith or breach its duties to EDWARDS, a final

6

money judgment will be entered against SAFEGUARD, for the amount of the unsatisfied Final Judgment entered against Defendant, EDWARDS, plus interest accrued thereon, plus taxable costs for the bad faith action, plus the attorneys' fees of EDWARDS' counsel for the prosecution of the bad faith action, awarded pursuant to Florida Statute §627.428 and calculated by the court in accordance with the principles of Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985) and Standard Guaranty Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990).

12. This agreement, the protection provided to EDWARDS, and the correspondence and communications surrounding its negotiation are stipulated to be irrelevant to any issues in the bad faith case, and therefore shall not be admissible in evidence nor referred to in the claim EDWARDS files against SAFEGUARD by any party, witness or counsel, nor shall they be relied upon by any expert in the formation or expression of his opinion at trial. The jury will be advised at the commencement of the trial that a lawsuit was filed by THE PLAINTIFFS against EDWARDS that resulted in the entry of an excess Final Judgment in the amount of $12,500,000, and that SAEFGUARD paid $1,000,000, leaving an $11,500,000 excess, plus costs and interest since the date it was entered against EDWARDS in favor of THE PLAINTIFFS, but no other element of this stipulation shall be disclosed or referred to.

13. The parties recognize that certain Florida appellate decisions hold that the provision of protection to an insured may, under some circumstances, eliminate the damages in a bad faith case, and therefore prevent such action

from being brought. Some of those decisions include Fidelity and Casualty Co. of New York v. Cope, 462 So.2d 459 (Fla. 1985), Kelly v. Williams, 411 So.2d 902 (Fla. 5th DCA 1982), Clement v. Prudential Property & Cas. Ins. Co., 790 F.2d 1545 (11th Cir. 1985), and FIGA v. Revoredo, 698 So.2d 890 (Fla. 3d DCA 1997). The purpose of this agreement is to provide some protection to the insured, but to obtain the determination of the issues of bad faith and breach of insurer's duties under circumstances approximating, as closely as is possible, those that would exist if this case ran its normal course and a judgment was entered against EDWARDS in excess of his policy limits, but without any form of protection from that judgment being given by THE PLAINTIFFS, and without subjecting the case to the principals of these cases which could impair EDWARDS' claim against SAFEGUARD. In order to accomplish that, all parties, including SAFEGUARD, specifically agree that the doctrines of Cope, Kelly, Clement, Revoredo, and any similar cases do not apply to this agreement, and any defenses based on those doctrines are hereby waived and will not be asserted. The fact that the insured has been provided some protection by this agreement will not be raised or argued by any parties hereto before any court. If for any reason this agreement or any procedure herein is not approved by any court, or is construed so as to prevent the accomplishment of the intent of the parties hereto, or is construed to prevent or impair the bringing of EDWARDS' action contemplated herein, or to diminish that claim, or alter the method of presentation provided for in this

agreement, the protection given to EDWARDS by THE PLAINTIFFS in this agreement shall be null and void and of no effect.

14. The parties stipulate that Florida law shall apply to the interpretation of this agreement and to the bad faith action contemplated by it.

15. This agreement is binding on the parties, their guardians, heirs, executors, administrators, estates, personal representatives, trustees in bankruptcy, and successors in interest.

16. The parties jointly move the court to approve this stipulation.

Dana Lyn Guest
Plaintiff
Dated: 06-18-02

Dale Swope
Attorney for Dana Lyn Guest, Julie Ann Moore and Calvin Daniel Guest
Dated: 6/8/02

Julie Ann Moore
Plaintiff
Dated: 6/18/02

Calvin Daniel Guest
Plaintiff
Dated: 06-18-02

DON EDWARDS, individually
and d/b/a R&D Trucking and Hauling Co.
Defendant
Dated: 6/24/02

David Krouk, Esq.
Attorney for Don Edwards, individually
and d/b/a R&D Trucking and Hauling Co.
Dated: 6/21/02

9

*William Holland, Jr., Esq.*
Attorney for Don Edwards, individually
and d/b/a R&D Trucking and Hauling Co.

Dated: 6-26-02

Name: Gene Murray
Title: Corporate Claims Mgr
Representative of Safeguard Ins. Co.

Dated: July 3, 2002

Michael McGirney
Attorney for Safeguard Insurance Co.

Dated: July 22, 2002

## ORDER APPROVING STIPULATION AND JOINT MOTION FOR ENTRY OF JUDGMENT AND STAY OF EXECUTION

The Court being advised in the premises hereby approves the foregoing Joint Stipulation and Agreement.

DONE AND ORDERED in Chambers, at Tampa, Hillsborough County, Florida on this 30 day of July, 2002.

CIRCUIT JUDGE

Copies furnished to:
David Krouk, Esq.
William Holland, Jr., Esq.
Michael McGirney, Esq.
Dale Swope

10

# Exhibit A

IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
OF THE STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY

DANA LYN GUEST, JULIE ANN
MOORE and CALVIN DANIEL GUEST,

    CASE NO.: 01-001493

    Plaintiffs,

    DIVISION:  C

vs.

DON EDWARDS, individually and
d/b/a R&D TRUCKING and HAULING CO.

    Defendant.
_____/

## FINAL JUDGMENT

Pursuant to the stipulation of the parties,

IT IS ADJUDGED that Plaintiffs, DANA LYN GUEST, JULIE ANN MOORE and CALVIN DANIEL GUEST recover from Defendant, DON EDWARDS, individually and d/b/a R&D TRUCKING and HAULING CO., the sum of Twelve Million Five Hundred Thousand Dollars ($12,500,000). This Judgment shall bear interest at the rate set by the Comptroller of the State of Florida pursuant to Florida Statute §55.03 (2000).

This Court reserves jurisdiction for the purposes of determining and taxing costs and expenses, if appropriate. No execution shall issue without further order of this Court or another Court with appropriate jurisdiction.

DONE AND ORDERED in Chambers at Hillsborough County, Florida, on this _____ day of _____, 2002.

ORIGINAL SIGNED

JUL 3 0 2002

DANIEL E. GALLAGHER
SENIOR CIRCUIT JUDGE

Circuit Judge

Copies furnished to:
David Krouk, Esq.
William Holland, Esq.
Michael McGirney, Esq.
Dale Swope

# Exhibit B

At the request of the attorneys handling his claim against SAFEGUARD, EDWARDS must:

1. Attend events the attorney believes to be necessary or helpful to the prosecution of that case. It is impossible to predict every such event that might be required, but will include at least judicial proceedings, (such as hearings, trials, depositions, and mediations), and private proceedings (such as meetings with the attorneys handling the case, with experts, focus groups, and trial consultants).

2. Truthfully and freely disclose and discuss with the attorneys handling his case against SAFEGUARD, (and to anyone else they request) the events of the underlying accident, the facts surrounding the negotiation and settlement of the underlying claim, and any other areas which become important in that case; to truthfully testify to these facts and others which may arise during that case.

3. Maintain in confidence, all communications with the attorneys handling his case against SAFEGUARD, and not discuss these communications or the strategies of the case with anyone or in any fashion which could impair the judicial privileges associated with them, without the express approval of the attorneys handling that case.

4. Cooperate as required to assist the attorneys handling his case against SAFEGUARD to obtain all documents and information in the hands of SAFEGUARD and any attorney obtained, appointed, or paid by SAFEGUARD in connection with the underlying case. If the attorneys handling his case against SAFEGUARD determine that it would enhance his chances of winning that case, permit them to waive any privileges associated with these documents and information in order to facilitate the prosecution of the case against SAFEGUARD.

5. Permit the attorney handling his case against SAFEGUARD to waive at his discretion, any work product or attorney client privileges associated with the prosecution of that case, in order to report progress to THE PLAINTIFFS and for any other purposes related to the prosecution of that case.

Exhibit A

IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
OF THE STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY

DANA LYN GUEST, JULIE ANN
MOORE and CALVIN DANIEL GUEST,

    Plaintiffs,

vs.

DON EDWARDS, individually and
d/b/a R&D TRUCKING and HAULING CO.

    Defendant.
_____/

CASE NO.: 01-001493

DIVISION: C

## FINAL JUDGMENT

Pursuant to the stipulation of the parties,

IT IS ADJUDGED that Plaintiffs, DANA LYN GUEST, JULIE ANN MOORE and CALVIN DANIEL GUEST recover from Defendant, DON EDWARDS, individually and d/b/a R&D TRUCKING and HAULING CO., the sum of Twelve Million Five Hundred Thousand Dollars ($12,500,000). This Judgment shall bear interest at the rate set by the Comptroller of the State of Florida pursuant to Florida Statute §55.03 (2000).

This Court reserves jurisdiction for the purposes of determining and taxing costs and expenses, if appropriate. No execution shall issue without further order of this Court or another Court with appropriate jurisdiction.

DONE AND ORDERED in Chambers at Hillsborough County, Florida, on this _____ day of _____, 2002.

ORIGINAL SIGNED

JUL 3 0 2002

DANIEL E. GALLAGHER
SENIOR CIRCUIT JUDGE

Circuit Judge

Copies furnished to:
David Krouk, Esq.
William Holland, Esq.
Michael McGimey, Esq.
Dale Swope

EXHIBIT "B"